JS - 6

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **Michael Aday**, an Individual, **Platinum Enterprises, Inc**., a corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>**Dean Torkington**, an Individual; and **DOES 1 through 10**, inclusive,<br><br>        Defendants. | **CASE NO. CV12-5644-MWF (SSx)**<br><br>**DEFAULT JUDGMENT AGAINST DEFENDANT DEAN TORKINGTON** |

/ / /

/ / /

/ / /

/ / /

## JUDGMENT AND ORDERS

IT IS ADJUDGED AND DECREED that plaintiffs Michael Aday, professionally known as ("p/k/a") "Meat Loaf" ("Plaintiff" and/or "Meat Loaf") and Platinum Enterprises, Inc. ("PEI") (collectively, "Plaintiffs") are each deemed the prevailing party in the captioned action, and an order and judgment shall hereby issue and be entered against defendant DEAN TORKINGTON, an Individual ("Defendant" or "Torkington") d/b/a MeatLoaf.org, as follows:

(1) Pursuant to 15 U.S.C. § 1125(d)(1)(c), it is hereby ordered that all ownership in, registration of and control of the domain name <**MeatLoaf.org**> (the "Domain Name") -- and any other domain name in the registration or control of Defendant that includes the trademark "Meat Loaf" -- is **transferred and assigned** to plaintiff Michael Aday p/k/a Meat Loaf (pursuant to 15 U.S.C. § 1125(d)(1)(c)); *and* it is further ordered that those entities and persons with control over the Domain Name and/or as agents for the registrant of the Domain Name and/or holders-in-trust of the Domain Name or registrant domain account (including, but not limited to, the .org top-level registry (The Public Interest Registry ("PIR")), the top-level-domain governing body (Internet Corporation for Assigned Names and Numbers ("ICANN")) and the registrar (CSL Computer Service Langenbach GmbH, an ICANN accredited/licensed registrar d/b/a Joker.com ("Joker.com")), are to effect and immediately cause transfer of registration and control and ownership of the Domain Name to Plaintiff, to an account and registrar of his specification;

(2) Pursuant to 15 U.S.C. § 1117 (a) and (d), and upon a finding by the Court that it is just, it is hereby ordered that a monetary Judgment for statutory damages in the sum of twenty-five thousand dollars (**$25,000.00**) issue and be entered in favor of Plaintiffs, joint and severally, for recovery against Defendant Torkington, for damages and compensation deemed specifically awarded for and arising out of intentional tortious conduct by Defendant Torkington; plus interest

thereon at the statutory limit, and recovery of all costs and fees incurred in execution of, enforcement and collection of the Judgment; and

(3) Pursuant to 15 U.S.C. § 1117 (a)(3) and Local Rule 55-3, it is hereby ordered that Plaintiffs are awarded recovery of all costs incurred in this action, including an award of reimbursement of reasonable attorneys' fees, upon the Court's express finding that Defendant's conduct was willful and particularly egregious in this matter, in the amount of four thousand seven hundred and sixty-nine dollars ($4,769.00) plus interest thereon at the statutory limit; and

(4) Pursuant to 15 U.S.C. § 1116(a), it is hereby ordered that a **Permanent Injunction** issue and is entered in favor of Plaintiffs against Defendant Torkington PFN (individually and through any entity, partnerships, dba's and ventures that he owns, directs and/or controls, and his respective agents and employees and representatives), pursuant to which they are permanently restrained, enjoined, and prohibited from any use of the Domain Name and from use of any other variations thereof, and from posting content, distributing, importing, exporting, advertising, promoting, selling offering for sale, and/or in anyway using (including on any platform, medium, and/or website) any registered trademarks, service marks or device in the United States which use or incorporate or that is identical or confusingly similar to Plaintiff's name, and Plaintiffs' registered trademarks and service marks, and committing any act that is likely to cause confusion, mistake, or deception, including but not limited to, use of Plaintiffs' trademarks or names "Meat Loaf", and/or derivatives versions thereof.

**IT IS SO ORDERED.**

DATED: December 11, 2012

_____
Michael W. Fitzgerald
United States District Judge